IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EVELYN DE JESUS LISBOA<br>Plaintiff<br>vs<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br>Defendant | CIVIL 16-2175CCC |

**OPINION AND REMAND ORDER**

    Before the Court is plaintiff Evelyn de Jesús Lisboa's complaint filed on June 23, 2016 requesting that the decision made by the Commissioner of Social Security be reversed and that plaintiff be awarded disability benefits. The transcript of the administrative proceedings, filed on March 27, 2017 (d.e. 14), has been reviewed in its entirety by the Court. Plaintiff filed a Memorandum of Law on December 17, 2017 (d.e. 16), and defendant's Memorandum of Law was filed on January 11, 2018 (d.e. 19).

    Having considered the entire record, the Court orders a remand of this case for further proceedings, specifically as to the claimant's mental condition. Dr. Gustavo Halley Juliá was claimant's treating psychiatrist for the period of June 14, 2011 to June 18, 2013. He executed a treatment summary which is a medical questionnaire form (Exhibit 26F of the Administrative Record) that includes medical data of the symptoms, diagnostic impressions and a mental residual functional capacity assessment in which he concludes that due to claimant's existing cognitive and psychological disfunctions she could not work in an effective manner in any work environment. This functional capacity assessment is dated July 15, 2013, almost one month after claimant's last visit

CIVIL 16-2175CCC                    2

to him.  However, the medical records related to claimant's treatment by Dr. Halley Juliá are not part of the record.  These documents must be submitted not only because they are needed to complete claimant's medical records regarding her mental condition but also because Dr. Halley Juliá treated her for a full 2 years and it was during such period that claimant had 2 partial hospitalizations at Hospital San Juan Capestrano, specifically from May 29 to June 6, 2012 and from August 20 to August 22, 2012 (see Exhibits 13F and 15F).

Additionally, the Court notes that the relevant portions of the transcript reflect that the ALJ's hypothetical questions to the vocational expert regarding the ability of a person of the same age, academic preparation, previous work as the claimant, as well as the physical requirements of the other types of jobs in the national economy, did not include any reference to the mental components, that is, the mental disorder for which claimant has been treated. Upon further inquiry by the claimant's attorney, he included in the hypothesis a limitation between moderate and severe of the kind that appears in Exhibit 26F specifically.  These are all limitations having to do with the claimant's mental condition which are part of the functional capacity assessment included in Exhibit 26F.  It is within the ALJ's province to determine whether or not a claimant is disabled.  However, that determination cannot bypass the ALJ's duty to submit a complete hypothetical to the vocational expert.

The ALJ's Decision at page 13 reads:

Furthermore, the vocational expert stated that an individual with claimant's age, education, work experience and residual functional capacity cannot perform claimant's past relevant work. Based on claimant's residual functional capacity for a limited range of light work which is simple routine and repetitive, the undersigned

CIVIL 16-2175CCC                3

granted great weight to the opinion of the vocational expert and finds that the claimant cannot perform her past relevant work.

This statement reflects that during the hearing the ALJ not only failed to include in her hypothetical question to the vocational expert information related to claimant's mental health condition but also omitted what the vocational expert testified on cross-examination by claimant's attorney as "the complete hypothetical."

Accordingly, it is ORDERED that this case be remanded for a supplemental administrative hearing to admit as an exhibit the missing medical records of treating physician Dr. Halley Juliá from June 14, 2011 until June 18, 2013. Additionally, the ALJ shall consider on remand the testimony of the former vocational expert and, if unavailable, that of another based on a complete hypothetical. The vocational expert will be provided all of the medical evidence already admitted directly related to claimant's mental condition as well as Dr. Halley's records on his psychiatric treatment to claimant. Ultimately, the hypothetical question posed to the vocational expert must make reference not only to personal characteristics, education, requirements of past relevant work but also to a summary of the medical evidence of claimant's physical and mental conditions.

Accordingly, the decision of the ALJ is REVERSED and REMANDED for further proceedings in accordance with this Opinion and Remand Order.

SO ORDERED.

At San Juan, Puerto Rico, on March 28, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge